# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

OSCAR CRUZ,                                     CASE NO. 1:08-cv-00237-LJO-DLB (PC)

            Plaintiff,

    v.                                    FINDINGS AND RECOMMENDATIONS RE
                                                DISMISSAL OF CERTAIN CLAIMS

KNOWLES, et al.,                                (Doc. 1)

            Defendants.
                                          /

## I.    Findings and Recommendation

Oscar Cruz ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On February 19, 2008, Plaintiff filed his complaint, which is presently before the Court for screening.

### A.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

1

1  paid, the court shall dismiss the case at any time if the court determines that . . . the action or

2  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

3  1915(e)(2)(B)(ii).

4      **B.        Summary of Plaintiff's Complaint**

5          Plaintiff is a state prisoner at Kern Valley State Prison("KVSP") in Delano, California,

6  where the acts he complains of occurred.  Plaintiff names as defendants: Warden Mike Knowles;

7  acting Warden Chris Chrones; and captain S. Fraunheim.

8          Plaintiff alleges that he arrived at KVSP classified as a general population inmate, and

9  was housed in Building 5, Facility D.  KVSP, pursuant to its administrative policy, labeled

10  Plaintiff as Southern Hispanic to assist cell mate assignments and inmate yard release.  On May

11  31, 2006, several inmates attacked staff during the evening meal.  All inmates in buildings 1

12  through 8, regardless of race or ethnicity, were placed on lockdown.  A Program Status Report

13  ("PSR") was released on June 5, 2006.  All inmates were to be interviewed regarding the

14  incident.  Meanwhile, all inmates were to be cell fed, and were not allowed visiting, dayroom,

15  yard access, canteen, packages, phone calls, religious service, work/educational programs, and

16  other privileges normally given.  These program changes were prepared by defendant Fraunheim

17  and approved by defendant Chrones or Knowles.  Subsequent PSRs were released which gave

18  back privileges to other inmates, but not to those labeled as Southern Hispanic or Mexican

19  Nationals, because the alleged culprits of the attack were of such background.  Plaintiff was

20  placed on "Modified Program," which permitted normal visitation, but none of the other

21  privileges of Normal Program.  This continued until October 4, 2006, when Plaintiff and other

22  Southern Hispanic inmates slowly received their privileges back.  Plaintiff did not receive a full

23  return to the Normal Program until November 8, 2006.  Plaintiff during this time suffered from

24  lower back pain as a result of deprivation of physical activity. (Doc. 1, pp. 5-11.)  Plaintiff brings

25  action under the Equal Protection Clause, the Eighth Amendment, and the Due Process Clause.

26  (Doc. 1, p. 12.)  Plaintiff seeks monetary damages and injunctive relief.

27  //

28  //

1

## C.   Pleading Requirements

2

### 1.   *Federal Rule of Civil Procedure 8(a)*

3     "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

4     exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534

5     U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

6     short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.

7     Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the

8     plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court

9     may dismiss a complaint only if it is clear that no relief could be granted under any set of facts

10    that could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether a

11    plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support

12    the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and

13    unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting

14    Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171

15    (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . .

16    .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal

17    pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490

18    U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply

19    essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin.,

20    122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.

21    1982)).

22

### 2.   *Federal Rule of Civil Procedure 18(a)*

23    "The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to

24    relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as

25    independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has

26    against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A

27    against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated

28

claims against different defendants belong in different suits, not only to prevent the sort of

morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners

pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of

frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28

U.S.C. § 1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

### 3. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  See

Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

in another's affirmative acts or omits to perform an act which he is legally required to do that

causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th

Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each named

defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's

federal rights.

### D.   Claims for Relief

#### 1. *Equal Protection*

Plaintiff alleges that the policies prepared by defendant Fraunheim and approved by

defendants Chrones and Knowles violated the Equal Protection Clause of the Fourteenth

Amendment.  (Doc. 1, p. 12.)  The Equal Protection Clause requires that persons who are

similarly situated be treated alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S.

432, 439 (1985).  An equal protection claim may be established in two ways.   First, a plaintiff

4

establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001).  Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race.   Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that:  (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.   If an equal protection claim is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement is based upon an "impermissible motive." Squaw Valley,  375 F.3d at 944; Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995).

Plaintiff alleges that he was placed on restrictive Modified Program because he is classified as Southern Hispanic.  Plaintiff thus contends discrimination on the basis of his ethnicity and national origin, a suspect classification.  Plaintiff has stated a cognizable Equal Protection claim under section 1983.

## 2.   *Eighth Amendment - Conditions of Confinement*

Plaintiff alleges a denial of dayroom access, yard access, canteen, packages, phone calls, religious service, work/educational programs, and other privileges in violation of the Eighth Amendment.  (Doc. 1, p. 12.)  The deprivation of outdoor exercise by prison officials to prisoners can constitute cruel and unusual punishment in violation of the Eighth Amendment.  Spain v.

1  Procunier, 600 F.2d 189, 199 (9th Cir. 1979).  "[S]ome form of regular outdoor exercise is

2  extremely important to the psychological and physical well-being of the inmates."  Id.  The long-

3  term deprivation of outdoor exercise is a denial of a basic need in violation of the Eighth

4  Amendment.  Allen v. Sakai, 84 F.3d 1082, 1087-88 (9th Cir. 1994); see also Keenan v. Hall, 83

5  F.3d 1083, 1090 (9th Cir. 1996) (defendants not entitled to summary judgment where plaintiff

6  produced evidence showing deprivation of outdoor exercise for six-month period in

7  administrative segregation).  Regular exercise is necessary "unless inclement weather, unusual

8  circumstances, or disciplinary needs ma[k]e that impossible."  Spain, 600 F.2d at 199.

9       Based on Plaintiff's allegations, Plaintiff has alleged sufficient facts to state a cognizable

10  Eighth Amendment claim under section 1983.

11                      **3.**    *Due Process*

12       Plaintiff alleges a Due Process violation.  (Doc. 1, p. 12.)  "To establish a violation of

13  substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged

14  government action was clearly arbitrary and unreasonable, having no substantial relation to the

15  public health, safety, morals, or general welfare.  Where a particular amendment provides an

16  explicit textual source of constitutional protection against a particular sort of government

17  behavior, that Amendment, not the more generalized notion of substantive due process, must be

18  the guide for analyzing a plaintiff's claims."  Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996)

19  (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); see

20  County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).

21       In this case, the Eighth Amendment and the Equal Protection Clause of the Fourteenth

22  Amendment "provides [the] explicit textual source of constitutional protection . . . ."  Patel, 103

23  F.3d at 874.  Therefore, the Eighth Amendment and the Equal Protection Clause of the

24  Fourteenth Amendment, rather than the Due Process Clause of the Fourteenth Amendment,

25  governs Plaintiff's claims.  Plaintiff thus fails to state a cognizable Due Process claim.

26  **II.**   **Conclusion**

27       The Court finds that Plaintiff states a cognizable claim under the Eighth Amendment and

28

the Equal Protection Clause of the Fourteenth Amendment.  However, the Court does not find that Plaintiff states a cognizable claim under the Due Process Clause of the Fourteenth Amendment.

Accordingly, it is HEREBY RECOMMENDED that:

1.     Plaintiff's due process claim be dismissed, without prejudice, and without leave to amend, for failure to state a claim upon which relief may be granted; and

2.     This action proceed on Plaintiff's complaint, filed February 19, 2008, against defendants Knowles, Chrones, and Fraunheim on Plaintiff's Equal Protection and Eighth Amendment claims.[1]

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **December 16, 2008**          _____**/s/ Dennis L. Beck**_____
                                                    UNITED STATES MAGISTRATE JUDGE

---

[1]In an order issued concurrently herewith, the Court is forwarding the necessary service of process documents to Plaintiff.