1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DEL ROSARIO CORONA, | ) 1:08cv00237 LJO DLB |
| | ) |
| | ) ORDER GRANTING PLAINTIFF'S |
| Plaintiff, | ) MOTION TO AMEND COMPLAINT |
| | ) |
| v. | ) (Document 42) |
| | ) |
| MIKE KNOWLES, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Maria del Rosario Corona ("Plaintiff") filed the instant motion for leave to file a First Amended Complaint on September 15, 2009.  Pursuant to Local Rule 78-230(h), the Court deemed the matter suitable for decision without oral argument.

### **BACKGROUND**

Oscar Cruz, proceeding pro se and in forma pauperis, filed the instant civil rights action on February 19, 2008.  He alleged violations of the Eighth Amendment and his equal protection and due process rights under the Fourteenth Amendment based on a lockdown at Kern Valley State Prison ("KVSP").  He named Wardens Mike Knowles and Chris Chrones, as well as S. Fraunheim, Facility D Captain, as Defendants.

On May 1, 2009, Defendants filed a Suggestion of Death, indicating that Mr. Cruz died of a stab wound to the abdomen on March 18, 2009, while in custody.

Defendants Chrones and Fraunheim answered the complaint on June 2, 2009.  Defendant Knowles answered on June 19, 2009.

1

1    On June 22, 2009, the Court granted Maria del Rosario Corona's motion to substitute in

2  as Plaintiff.  Ms. Corona ("Plaintiff"), Mr. Cruz's mother and successor in interest, is represented

3  by counsel.

4    On September 15, 2009, Plaintiff filed a motion for leave to file a First Amended

5  Complaint.  Defendants filed a late opposition on October 14, 2009.  Plaintiff filed her reply on

6  October 20, 2009, after receiving an extension from the Court.

7                                **FACTUAL ALLEGATIONS**

8    In his complaint, Mr. Cruz alleged that shortly after he entered KVSP in March 2006, he

9  was placed in the highest work/privilege category.  He was also classified as Southern Hispanic.

10  On May 31, 2006, several inmates attacked staff during the evening meal and all inmates,

11  regardless of classification, were placed on lockdown.  Mr. Cruz was not involved in the attack.

12    On June 23, 2006, after certain inmates were restored to a modified program, KVSP

13  issued a Program Status Report ("PSR") regarding Hispanic Inmates.  Based on information that

14  the May 31, 2006, attack involved only Southern Hispanic inmates, the PSR advised that all

15  inmates, excluding Southern Hispanics, were to return to a normal program.

16    Through November 8, 2006, when the final PSR issued to return Southern Hispanics to a

17  normal program, Mr. Cruz was subject to loss of privileges to varying degrees.  Most importantly,

18  from May 31, 2006, through November 8, 2006, Southern Hispanics, including Mr. Cruz, were

19  not allowed recreation yard time.  He alleged that as a result of the lack of physical activities, he

20  suffered from low back pain.  Mr. Cruz further alleges that the lockdown was not an isolated

21  occurrence, but a practice adopted by KVSP.

22    Mr. Cruz alleged causes of action for (1) violation of his right to be free from

23  discrimination under the equal protection clause of the Fourteenth Amendment; (2) violation of

24  his right to be free from cruel and unusual punishment under the Eighth Amendment; and (3)

25  violation of his due process rights based on his allegation that the deprivation of privileges

26  amounted to punishment without due process.  He requested declaratory and injunctive relief to

27  stop KVSP's practice of ordering lengthy racially-discriminatory lockdowns, as well as

28  compensatory and punitive damages.  Specifically, Mr. Cruz requested that a permanent

2

1   injunction issue to prevent KVSP from affording preferential treatment on the basis of race and

2   order KVSP to lockdown inmates based on individual behavior (except for short-term

3   emergencies).

## DISCUSSION

A.   Legal Standard

Federal Rule of Civil Procedure Rule 15(a)(2) provides that the Court "should freely give

leave [to amend] when justice so requires."  The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or
> dilatory motive on the part of the movant, repeated failure to cure deficiencies by
> amendments previously allowed, undue prejudice to the opposing party by virtue of
> allowance of the amendment, futility of amendment, etc. – the leave sought should, as the
> rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).  The Ninth Circuit has summarized the factors to be

considered to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent;

and (4) futility of amendment.  Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319

(9th Cir. 1984).  Granting or denial of leave to amend rests in the sound discretion of the trial

court.  Swanson v. United States Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996).  Despite the

policy favoring amendment under Rule 15, leave to amend may be denied if the proposed

amendment is futile or would be subject to dismissal.  Saul v. United States, 928 F.2d 829, 843

(9th Cir. 1991).

B.   Analysis

Plaintiff's motion to amend seeks to (1) join Mr. Cruz's former cell mate, Andres Santana,

as a Plaintiff; (2) correct a procedural due process claim included in the original complaint; (3)

include omitted background information; and (4) make formatting and stylistic changes.  The

complaint also automatically substitutes Kelly Harrington, as Mike Knowles' successor, pursuant

to Rule 25(d).

Defendants only oppose the motion insofar as Plaintiff seeks to join Mr. Santana.

1.   *Joinder*

Rule 20(a)(1) of the Federal Rules of Civil Procedure permits the joinder of plaintiffs in one action if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."

The purpose of Rule 20(a) is "to promote judicial economy, and reduce inconvenience, delay, and added expense." Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir.1997) (citation omitted). These rules afford courts discretion, and "courts have shown a strong liberality in allowing parties to amend their pleadings when such amendments have satisfied the explicit requirements of the rules." Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375-76 (9th Cir. 1980). If the explicit requirements of Rule 20 are satisfied, courts consider several factors before determining whether to grant leave to amend, such as possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action. Id. at 1375.

2.   *Facts Relating to Amendment*

Plaintiff explains that Mr. Santana and Mr. Cruz were cellmates at KVSP from March 13, 2006, through February 2007, covering the entire period of time detailed in the original complaint. Both were subject to the May 31, 2006, through November 8, 2006, lockdown based solely on their classification as Southern Hispanics. Plaintiff also states that both men "experienced the racially discriminatory practices of the prison concurrently from 2006 to 2009" and that they both suffered injuries from their extended confinement. These allegations are included in the proposed First Amended Complaint ("FAC").

In the introduction of the FAC, Plaintiff and Mr. Santana state that both men left Tehachapi, where they had been on lockdown for months and kept from outdoor exercise, on the same day. As in the original complaint, they allege that the 2006 lockdown was not an isolated

occurrence, but rather is a pattern and practice at KVSP.  The FAC alleges the same causes of

action for violation of Plaintiffs' equal protection and procedural due process rights under the

Fourteenth Amendment, as well as their right to be free from cruel and unusual punishment

pursuant to the Eighth Amendment.  The FAC expands on the due process claim by specifying

that it is a procedural due process claim.  Plaintiff and Mr. Santana allege that they did not receive

a hearing or other individualized determination concerning the deprivation of their liberty

interests.  The relief requested in the FAC is the same as that requested in the original complaint.

    3.    *Discussion*

    Prior to discussing joinder, Defendants contend that the amendment to add Mr. Santana is

futile because Mr. Cruz failed to exhaust his administrative remedies with regard to any lockdown

subsequent to the 2006 lockdown.  However, contrary to Defendants' contention, the FAC

specifically states that both men have exhausted their administrative remedies.  FAC, ¶ 13.

    Although Defendants believe that Mr. Cruz challenges only the 2006 lockdown in his

complaint, and therefore argue that claims as to any additional lockdowns would be unexhausted,

his original complaint specifically states that the 2006 lockdown was not an isolated occurrence,

but was a practice adopted by KVSP.  Complaint, at 10.  He also alleges that he "has been and

will continue to be irreparably injured by the conduct of the defendants" if the Court denies his

request for injunctive relief.  Complaint, at 11.  Keeping in mind that the original complaint was

composed by a pro se inmate, the Court finds that the original complaint challenged the policy and

practice of discriminatory lockdowns at KVSP.  The proposed FAC, then, does not change the

overall theory of the action.

    In any event, Mr. Cruz would not have been required to exhaust his administrative

remedies for each individual event.  "[T]he primary purpose of a grievance is to notify the prison

of a problem, and facilitate its resolution."  Griffin v. Arpaio, 5557 F.3d 1117, 1120 (9th Cir.

2009).  In the absence of greater specificity required by the applicable regulations, a grievance is

sufficient "'if it alerts the prison to the nature of the wrong for which redress is sought.'"  Id.

(quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)).  In California, inmates are required

only to describe the problem and the action requested.  Cal. Code Regs., tit. 15 § 3084.2(a) (West

2009).  As Mr. Cruz complained of a pattern and practice at KVSP, his original administrative

complaint, which specifically states that his rights were violated by KVSP's policy of imposing

discriminatory lockdowns and requests relief from further violations.  Exh. C, attached to

Opposition.  His description was therefore sufficient to alert KVSP of the nature of the wrong and

he did not need to file additional grievances.

Turning to the issue of joinder, Plaintiff argues, and the Court agrees, that Mr. Cruz and

Mr. Santana assert a right to relief arising out of the same transactions and occurrences, and that

common questions of law or fact common are involved.  Specifically, both request relief based on

KVSP's pattern and policy of discriminatory lockdowns, and both men assert the same facts in

support of their allegations.

Defendants oppose joinder for two main reasons.  First, they argue that although Mr. Cruz

and Mr. Santana allege the same violations, Mr. Cruz's claim involves only the 2006 lockdown.

As discussed above, however, Mr. Cruz's claim goes beyond the 2006 lockdown and challenges

the policy and practice of discriminatory lockdowns at KVSP.  Insofar as Defendants cite

Coughlin v. Rogers, 130 F.3d 1348 (9th Cir. 1997), their reliance is misplaced.  Coughlin

involved 49 plaintiffs who filed a writ of mandamus to compel the INS to adjudicate their pending

applications, which fell into six distinct categories.  The Ninth Circuit found that the only

connection among the plaintiffs was the existence of a general delay in the adjudication of their

petitions, a connection that was insufficient to satisfy the joinder requirements.  The court

distinguished their claims from one where the plaintiffs alleged a pattern or policy of delay in

dealing with all applications, which would have made their allegations arise from the same

transaction or occurrence.  Coughlin, 130 F.3d at 1351.  Here, Mr. Cruz and Mr. Santana both

complain of a pattern and policy at KVSP, and as the Ninth Circuit suggested, their claims

therefore arise out the same transaction or occurrence.  Additionally, unlike the plaintiffs in

Coughlin, a majority of the facts underpinning their allegations are exact and arise from the same

2006 lockdown.

To the extent that Defendants contend that common questions of law or fact do not exist

by suggesting that their injuries are significantly different and will therefore require individualized

reviews, their attempt fails.  Defendants cite <u>Coughlin</u> for the proposition that although the claims

are brought under the same statute, the differences in injuries will require individualized attention.

However, the <u>Coughlin</u> plaintiffs differed in much more than just their injuries.  There, the

plaintiffs each had a different set of underlying facts and each claim involved "different legal

issues, standards and procedures."  <u>Coughlin, 130 F.3d at 1351</u>.

       Here, any difference in injuries certainly doesn't rise to the level of the pervasive

differences in <u>Coughlin</u>.  In his original complaint, Mr. Cruz states that he suffered from back pain

as a result of a lack of physical activities.  Complaint, at 10.  In the proposed FAC, Mr. Cruz and

Mr. Santana state that they suffered "from several serious medical and psychological maladies,

including serious back pain. . ."  FAC, ¶ 43.  The slight differences between the original complaint

and proposed FAC are most likely due to the fact that Plaintiff is now represented by counsel,

who reworked portions of the original pro se complaint.  In any event, both Mr. Cruz and Mr.

Santana now allege that they suffered substantially similar injuries and the allegation will not

defeat joinder.

       Second, Defendants argue that they would be significantly prejudiced if the Court allowed

Mr. Santana to join as a plaintiff.[1]  Defendants believe that there is a risk that the jury could

improperly conflate similar, yet unrelated, evidence.  For example, Defendants believe that the

"highly sensitive" information related to Mr. Santana's case could harm Defendants as to Mr.

Cruz's case.  Defendants also believe that the potential for jury confusion is great because the

claims involve different documents, facilities, prison officials, times, lockdowns and modifications.

Defendants are, however, looking too far beyond the requirements of joinder.  Of course, most, if

not all, plaintiffs joined in an action will have factual variations in their claims.  Rule 20(a) does

not preclude joinder of plaintiffs with factual variations so long as their claims arise out of the

same transaction or occurrence and involve any common question of law or fact.  Insofar as

Defendants suggest that the cited differences will result in sufficient prejudice to outweigh the

benefits of joinder, the Court disagrees.  This action involves the same claim, which will be

---

[1] In support of their argument, Defendants rely on an unpublished can that cannot be cited.  Although the case is easily distinguished, the Court will not discuss it in analyzing Defendants' argument.

analyzed under the same legal theory, against the same defendants.  There are only two Plaintiffs involved, and though the facts underlying their allegations will undoubtedly differ somewhat, the bulk of supporting facts is exact.

Also weighing against prejudice is the fact that this action is in the early stages of litigation.  An initial scheduling conference is set for December 22, 2009.

**ORDER**

For the above reasons, the Court GRANTS Plaintiff's motion for leave to file an amended complaint.  Plaintiff SHALL file the First Amended Complaint within ten (10) days of the date of service of this order.  Defendants SHALL file their Answers within fifteen (15) days of being served with the First Amended Complaint.


IT IS SO ORDERED.

**Dated:   November 4, 2009**               **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE