# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARIA DEL ROSARIO CORONA, et al., | ) | 1:08cv00237 LJO DLB |
| | ) | |
| Plaintiffs, | ) ) ) | ORDER GRANTING IN PART AND DENYING IN PART CDCR'S MOTION TO QUASH |
| v. | ) | |
| MIKE KNOWLES, et al., | ) | (Document 110) |
| | ) | |
| Defendants. | ) ) | |

Third-party California Department of Corrections and Rehabilitation ("CDCR") filed the instant motion to quash on February 8, 2012. The matter was heard on March 9, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge. Edward Andrews and Manu Pradhan appeared on behalf of Plaintiffs Maria del Rosario Corona and Andres Santana ("Plaintiffs"). Kelli Hammond appeared on behalf of Defendants Kelly Harrington, Chris Chrones, Mike Knowles and S. Fraunheim. Christopher Becker appeared on behalf of CDCR.

## BACKGROUND

Plaintiff Oscar Cruz, a prisoner proceeding pro se and in forma pauperis, filed this prisoner civil rights action on February 19, 2008. Plaintiff alleged Eighth Amendment violations, as well as violations of his equal protection and due process rights under the Fourteenth Amendment. His claims were based on a lockdown at Kern Valley State Prison ("KVSP").

On February 9, 2009, the Court dismissed the due process claim.

On May 1, 2009, Defendants filed a Suggestion of Death, indicating that Mr. Cruz died of a stab wound to the abdomen on March 18, 2009, while in custody.  On June 22, 2009, the Court granted Plaintiff's motion to substitute Maria del Rosario Corona, Mr. Cruz's mother and successor in interest.

On November 4, 2009, the Court granted Plaintiff's motion to amend the complaint. Plaintiff filed an amended complaint on November 9, 2009, adding Andres Santana, Mr. Cruz's former cell mate, as a Plaintiff.  The First Amended Complaint also restated the due process claim.

In response, Defendants filed a motion to dismiss based on Plaintiffs' failure to state a claim and the doctrine of qualified immunity.  On January 20, 2010, the Court dismissed the equal protection and due process claims with prejudice.  The Court denied the motion as to the Eighth Amendment claim.  The Court also noted that injunctive relief as to Mr. Cruz was moot.

Pursuant to the stipulation to amend the Scheduling Conference Order, the non-expert discovery cut deadline is April 6, 2012.  Expert discovery is due by May 3, 2012.  Trial is currently set for December 11, 2012.

The Court approved the parties' stipulated protective order on December 7, 2011.

On February 9, 2012, Plaintiffs filed this motion to compel production of documents. The parties filed a joint statement on March 2, 2012.

**FACTUAL ALLEGATIONS**

According to the First Amended Complaint, Mr. Cruz and Plaintiff Santana arrived at KVSP in March 2006.  They were both general population inmates and placed in the highest privilege group.  KVSP classified Cruz and Santana as "Southern Hispanic" for administrative purposes and they were assigned to be cellmates.

On or about May 31, 2006, in response to an incident involving an attack on one or more guards, KVSP placed all inmates on lockdown.  Cruz and Santana were not involved in the attack and were in their cell at the time.

On or about June 15, 2006, Defendants executed a policy that subjected all Southern Hispanics, including Cruz and Santana, to a disciplinary regime.  Plaintiffs allege that Southern

1 Hispanics were targeted regardless of their involvement and were deprived of basic privileges.
2 By June 23, 2006, inmates of all ethnic classifications other than "Hispanic" had their privileges
3 restored.  Inmates classified as Southern Hispanic were not restored to full privileges until some
4 time in November 2006.  Privileges lost during this time included access to the dayroom,
5 recreation (Yard), phone calls, religious services, work/education programs and the canteen.
6 Some of these privileges were reinstated prior to November 2006, though Cruz and Santana were
7 not allowed Yard duties at any time during this period.

Plaintiffs allege that the deprivation of physical activities caused them to suffer low back pain in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

In addition to damages, Plaintiffs request injunctive relief.

## LEGAL STANDARD

Under Rule 45(c)(3), a court must modify or quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A).

Quashing subpoenas "goes against courts' general preference for a broad scope of discovery, [but] limiting discovery is appropriate when the burden of providing the documents outweighs the need for it." Call of the Wild Movie, LLC v. Does 1–1, 062, 770 F.Supp.2d 332, 354–355 (D.D.C.2011) (citing North Carolina Right to Life, Inc. v. Leake, 231 F.R.D. 49, 51 (D.D.C.2005) (internal citations omitted).  "When evaluating whether the burden of subpoena compliance is "undue," the court balances the burden imposed on the party subject to the subpoena by the discovery request, the relevance of the information sought to the claims or defenses at issue, the breadth of the discovery request, and the litigant's need for the information. Id. "Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation." Id. (quoting Linder v. DOD, 133 F.3d 17, 24 (D.C.Cir.1998) (internal quotations omitted).  The court must limit discovery when the "burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the

parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

### DISCUSSION

Plaintiffs served CDCR with a deposition subpoena on January 27, 2012. The subpoena requested that CDCR designate representatives to appear at a February 10, 2012, deposition, and testify on four topics. It also included ten document requests.

CDCR generally objects to the subpoena as overbroad based on its belief that the only remaining issue is whether the deprivation of Plaintiffs' outdoor exercise for five months resulted in an Eighth Amendment violation. As discussed during the hearing, however, the issues are not so confined.

A.   <u>Testimony</u>

   1.   *KVSP's policy and practice for (1) implementing, reviewing or terminating Modified Programs and Lockdowns, and (2) granting or withholding outdoor exercise during Modified Programs and Lockdowns.*

Plaintiffs' claim for injunctive relief expands the relevant time period beyond November 2006. Evidence of lockdowns after that time period is relevant to demonstrate that the harm is likely to be repeated. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95 (1983). Accordingly, Plaintiffs are entitled to discovery for the period May 2006 through the time of Mr. Santana's transfer from KVSP.

   2.   *KVSP's policy and practice for classifying an inmate "Southern Hispanic" and for reviewing or changing that classification.*

As discussed at the hearing, the validity of Plaintiffs' classification as Southern Hispanic is not relevant to the ultimate issue of whether their detentions based solely on this classification was constitutional. Such documents are also highly sensitive. To the extent Plaintiffs deem it necessary, they can work out a stipulation regarding their involvement, or lack of involvement, in the incident(s) leading to the May 2006 lockdown.

   3.   *KVSP's document retention policies with respect to internal communications, incident reports, program status reports, and other documents related to Modified Programs and Lockdowns.*

Both CDCR and Defendants admitted at the hearing that the location of the 2006 lockdown policy is unknown, and CDCR's document retention policy therefore becomes relevant. Plaintiffs are therefore entitled to discovery related to CDCR's document retention policies and they agreed to limit the request to 2006.

B.   Documents

1.   *Policies and practices related to Modified Programs and Lockdowns and for granting or withholding exercise during such times (Requests a, b and e).*

Plaintiffs have agreed to accept documents related to Southern Hispanic Modified Programs or Lockdowns during the time Plaintiffs resided in specified KVSP facilities. At the hearing, Plaintiffs confirmed that the non-confidential portions of the Program Status Reports that they will be receiving from Defendants will be sufficient.

2.   *Policies and practices related to classification as "Southern Hispanic."*

As discussed above, the parties will draft a stipulation relating to Plaintiffs' involvement, or lack of involvement, in the incident(s) that led to the 2006 lockdown.

3.   *Documents related to document retention policies.*

Plaintiffs are entitled to policies from 2006.

4.   *Documents related to studies, etc. regarding physical, emotional or psychological well-being of inmates.*

This request is overbroad. At the hearing, Plaintiffs agreed to narrow the request to studies and/or investigations conducted by CDCR, or on behalf of CDCR, that made general conclusions on the effect of withholding outdoor exercise and/or the positive effects of outdoor exercise.

5.   *Documents to or from Kelly Harrington regarding any Modified Programs or Lockdowns at KVSP.*

CDCR agreed to produce additional written communications to or from Kelly Harrington, if any exist, regarding Modified Programs in Facility D at KVSP from May 2006 to November 2006.

6. *Documents related to Inmate Advisory Council.*

As explained in the order on Plaintiffs' motion to compel, these documents are not relevant and need not be produced.

7. *Documents Related to Plaintiffs.*

CDCR has agreed to search for document not already produced.

**ORDER**

CDCR's motion to quash is GRANTED IN PART and DENIED IN PART as set forth above.

IT IS SO ORDERED.

Dated:   **March 13, 2012**                    **/s/ Dennis L. Beck**
                                                             UNITED STATES MAGISTRATE JUDGE