1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| MARIA DEL ROSARIO CORONA, et al., ) | 1:08cv00237 LJO DLB |
| ) | |
| ) | ORDER GRANTING IN PART AND |
| Plaintiffs, ) | DENYING IN PART PLAINTIFFS' |
| ) | MOTION TO COMPEL |
| v. ) | |
| ) | (Document 111) |
| MIKE KNOWLES, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____) | |

10

11

12

13

14

15

16    Plaintiffs Maria del Rosario Corona and Andres Santana filed the instant motion to

17   compel production of documents on February 9, 2012.  The matter was heard on March 9, 2012,

18   before the Honorable Dennis L. Beck, United States Magistrate Judge.  Edward Andrews and

19   Manu Pradhan appeared on behalf of Plaintiffs.  Kelli Hammond appeared on behalf of

20   Defendants Kelly Harrington, Chris Chrones, Mike Knowles and S. Fraunheim.  Christopher

21   Becker appeared on behalf of third-party California Department of Corrections and

22   Rehabilitation ("CDCR").

23                                    **BACKGROUND**

24    Plaintiff Oscar Cruz, a prisoner proceeding pro se and in forma pauperis, filed this

25   prisoner civil rights action on February 19, 2008.  Plaintiff alleged Eighth Amendment

26   violations, as well as violations of his equal protection and due process rights under the

27   Fourteenth Amendment.  His claims were based on a lockdown at Kern Valley State Prison

28   ("KVSP").

1    On February 9, 2009, the Court dismissed the due process claim.

2    On May 1, 2009, Defendants filed a Suggestion of Death, indicating that Mr. Cruz died of

3    a stab wound to the abdomen on March 18, 2009, while in custody.  On June 22, 2009, the Court

4    granted Plaintiff's motion to substitute Maria del Rosario Corona, Mr. Cruz's mother and

5    successor in interest.

6    On November 4, 2009, the Court granted Plaintiff's motion to amend the complaint.

7    Plaintiff filed an amended complaint on November 9, 2009, adding Andres Santana, Mr. Cruz's

8    former cell mate, as a Plaintiff.  The First Amended Complaint also restated the due process

9    claim.

10    In response, Defendants filed a motion to dismiss based on Plaintiffs' failure to state a

11    claim and the doctrine of qualified immunity.  On January 20, 2010, the Court dismissed the

12    equal protection and due process claims with prejudice.  The Court denied the motion as to the

13    Eighth Amendment claim.  The Court also noted that injunctive relief as to Mr. Cruz was moot.

14    Pursuant to the stipulation to amend the Scheduling Conference Order, the non-expert

15    discovery cut deadline is April 6, 2012.  Expert discovery is due by May 3, 2012.  Trial is

16    currently set for December 11, 2012.

17    The Court approved the parties' stipulated protective order on December 7, 2011.

18    On February 9, 2012, Plaintiffs filed this motion to compel production of documents.

19    The parties filed a joint statement on March 2, 2012.

20    The discovery at issue was served on Defendants in July 2011.

21    **<u>FACTUAL ALLEGATIONS</u>**

22    According to the First Amended Complaint, Mr. Cruz and Plaintiff Santana arrived at

23    KVSP in March 2006.  They were both general population inmates and placed in the highest

24    privilege group.  KVSP classified Cruz and Santana as "Southern Hispanic" for administrative

25    purposes and they were assigned to be cellmates.

26    On or about May 31, 2006, in response to an incident involving an attack on one or more

27    guards, KVSP placed all inmates on lockdown.  Cruz and Santana were not involved in the attack

28    and were in their cell at the time.

On or about June 15, 2006, Defendants executed a policy that subjected all Southern Hispanics, including Cruz and Santana, to a disciplinary regime.  Plaintiffs allege that Southern Hispanics were targeted regardless of their involvement and were deprived of basic privileges. By June 23, 2006, inmates of all ethnic classifications other than "Hispanic" had their privileges restored.  Inmates classified as Southern Hispanic were not restored to full privileges until some time in November 2006.  Privileges lost during this time included access to the dayroom, recreation (Yard), phone calls, religious services, work/education programs and the canteen. Some of these privileges were reinstated prior to November 2006, though Cruz and Santana were not allowed Yard duties at any time during this period.

Plaintiffs allege that the deprivation of physical activities caused them to suffer low back pain in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

In addition to damages, Plaintiffs request injunctive relief.

## LEGAL STANDARD

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter . . . .  The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

## DISCOVERY AT ISSUE

A.   Time Period Applicable to All Discovery

Defendants argue that only the period from May to November 2006 is at issue in this action and that discovery should therefore be limited to this time frame.  Their argument is based on their belief that the damages claim is limited to this period, and that to the extent an injunctive relief claim may have extended the relevant time period, the injunctive relief claim is now moot based on Mr. Santana's recent transfer from KVSP.

Plaintiffs, in contrast, contend that the First Amended Complaint is not limited to the 2006 time period.  Rather, it refers to a Modified Program in summer 2006 as an example, and

1  specifically states that the 2006 Modified Program was "not an isolated incident," that Modified

2  Programs have continued "since November 2006" and that Mr. Santana "will continue to be

3  irreparably injured."  FAC, ¶¶ 44, 49.

4       Resolution of this issue requires recognition of the differences between the two types of

5  relief requested.  Plaintiffs request monetary damages and injunctive relief, both of which have

6  different pleading standards and different evidentiary requirements.  These differences, which

7  were discussed in the Court's January 20, 2010, order regarding Defendants' motion to dismiss,

8  result in different relevant time periods for discovery purposes.

9       Though Plaintiffs disagree, their claim for damages is limited to the period from May to

10  November 2006.  To support a claim for damages, a plaintiff must plead specific factual

11  allegations relating to the incident for which damages are requested.  See eg. Ascroft v. Iqbal,

12  556 U.S. 662 (2009).  As currently pled, the First Amended Complaint contains specific factual

13  allegations related only to the May to November 2006 time period and the damages claim is

14  therefore limited to these months.  To the extent Plaintiffs wish to base their damages claim on

15  incidents after the May to November 2006 time-frame, they must move to amend their complaint.

16       Plaintiffs' injunctive relief claim is not, however, limited to this period.  To prevail on

17  this claim, Plaintiffs must demonstrate, in part, that the harm is likely to be repeated.  City of Los

18  Angeles v. Lyons, 461 U.S. 95 (1983).  Evidence of lockdowns subsequent to 2006 therefore

19  becomes relevant.[1]

20       With these standards in mind, the Court will address the specific issues.

21  B.    Confidential Lockdown Policy (RFP Nos. 13 and 14)

22       Plaintiffs have requested all documents related to any policies, guidelines, rules,

23  operating procedures and/or instructions that relate to Defendants' "implementation of Modified

24  Programs" at KVSP and to "the granting or withholding of outdoor exercise" at KVSP.

25

26  ─────────────

27  [1] Insofar as Defendants claim that Mr. Santana's transfer out of KVSP moots the injunctive relief claim,
such a determination cannot be made by a party unilaterally.  Unless and until this Court specifically dismisses the

28  injunctive relief claim related to Mr. Santana, the claim remains in the action and supports requests for discovery for
events after November 2006.

1    In opposing the requests, Defendants argue that the lockdown policy currently in effect is

2    not relevant to the period May to November 2006 because it did not go into effect until July

3    2007.

4    As discussed above, evidence of lockdowns subsequent to November 2006 is relevant to

5    Plaintiffs' injunctive relief claim.  In this regard, Plaintiffs are entitled to compare the current

6    policies to those in place during the 2006 period.

7    Therefore, as discussed at the hearing, Plaintiffs are entitled to discovery related to the

8    current policy.  Defendants agreed to allow Plaintiffs' counsel to view a redacted version of the

9    current policy.  Defendants must redact only the information directly related to security issues

10   and must provide the basis for the redactions.  If the redacted policy is not sufficient to allow

11   Plaintiffs to test the policy, the Court will conduct a review of the redactions.

12   C.    Program Status Reports (RFP No. 18)

13   Plaintiffs request Program Status Reports related to any instances where they were placed

14   on Modified Program at KVSP.  Plaintiffs request both the confidential and non-confidential

15   sections of the reports.

16   Defendants have produced redacted and unredacted versions for the period between May

17   and November 2006, and the period from February 2007 through March 2009 (when Mr. Cruz

18   was housed in Facility B).  Defendants object generally to production of reports after November

19   2006 based on relevancy.

20   Program Status Reports pertaining to Plaintiffs after November 2006 are relevant to the

21   injunctive relief claim as they may offer evidence of continued harm.  Accordingly, Defendants

22   shall produce redacted versions of reports after November 2006 to allow Plaintiffs to determine if

23   more information is needed for specific incidents.  Defendants shall also produce non-redacted

24   reports for all lockdowns related to Mr. Santana until his transfer from KVSP.

25   D.    Documents Belonging To Current Warden, Martin Biter, and to Facility Captains
         (RFP No. 20)

26

27   Plaintiffs seek all communications to or from "any Person acting as warden, assistant

28   warden, or facility captain regarding any Modified Programs imposed on Andres Santana or

1  Oscar Cruz" at KVSP.  Plaintiffs contend that under Federal Rule of Civil Procedure 25(d),

2  current Warden Martin Biter is a Defendant because he is the successor of Defendant Warden

3  Harrington.  Plaintiffs also argue that any individuals that succeeded Defendant Facility Captain

4  S. Fraunheim are automatically substituted as parties.

5  In opposing production, Defendants contend that successors have no personal knowledge

6  of events occurring during the May to November 2006 time period.

7  It is true that subsequent wardens, associate wardens and facility captions not involved in

8  the events between May and November 2006 would not be liable for damages occurring during

9  that time.  However, subsequent individuals in their official capacity would be subject to

10  injunctive relief.  Nonetheless, it is unclear whether these individuals are part of this action.

11  Plaintiffs may move to amend to name the parties necessary for injunctive relief.

12  E.  Investigative Services Unit and Institutional Gang Investigator Files

13  Plaintiffs believe that documents in the files of the Investigative Services Unit and

14  Institutional Gang Investigator are potentially critical.  Specifically, Plaintiffs argue that the

15  Investigative Services Unit documents are necessary to determine whether the lockdowns were

16  justified and the Institutional Gang Investigator documents are necessary to prove their

17  contentions that they were placed on lockdown for reasons unrelated to any gang activity.

18  As discussed at the hearing, the central issue in this action is whether the policy that

19  resulted in the lockdown of hundreds of inmates based solely on their classification as Southern

20  Hispanic is constitutional.  Whether the classification was proper is not relevant to the question

21  of whether the lockdown itself was constitutional.  Moreover, Plaintiffs argue, and Defendants

22  appear to agree, that neither Plaintiff had any involvement in the incident(s) that led to the May

23  2006 lockdown.

24  Investigative Services Unit documents and Institutional Gang Investigator Files are highly

25  sensitive and based on the discussion at the hearing, Plaintiffs agreed to withdraw this request.

26  To the extent Plaintiffs deem it necessary, they can work out a stipulation regarding their

27  involvement, or lack of involvement, in the incident(s) leading to the May 2006 lockdown.

28

1    F.      Documents Relating to Inmate Advisory Council (RFP No. 21)

2           Plaintiffs contend that the Inmate Advisory Council documents are relevant to show that

3    Defendants were on notice and willfully disregarded the concerns of inmates who were being

4    deprived of outdoor exercise.

5           Defendants are correct that the concerns of other inmates are not relevant to the issues in

6    this action.  Moreover, Plaintiffs' grievances would demonstrate that Defendants were on notice

7    of the alleged constitutional violations.  Plaintiffs' request is therefore denied.

8    G.      General Policies

9           Plaintiffs have requested documents related to the general procedures followed in

10   connection with classifying Southern Hispanic inmates and implementing modified programs.

11          As discussed above, documents related to the classification of inmates are not relevant.

12   To the extent Plaintiffs seek documents related to the procedures for implementing modified

13   programs, Plaintiffs shall examine the Program Status Reports and current policy and determine

14   whether the request can be narrowed.

15                                            **ORDER**

16          Based on the foregoing, Plaintiffs' motion is GRANTED IN PART and DENIED IN

17   PART.  Defendants SHALL produce documents as indicated within thirty (30) days of the date

18   of service of this order.

19          Plaintiffs' request for sanctions is DENIED.

20          IT IS SO ORDERED.

21    **Dated:    March 13, 2012**              _____/s/ **Dennis L. Beck**_____
                                               UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28