# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DEL ROSARIO CORONA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MIKE KNOWLES, et al.,<br><br>Defendants. | 1:08cv00237 LJO DLB<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL<br><br>(Document 132) |

Plaintiffs Maria del Rosario Corona and Andres Santana filed the instant motion to compel on June 5, 2012. After the Court granted an ex parte request to shorten time, the matter was heard on June 19, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge. Edward Andrews appeared on behalf of Plaintiffs. Kelli Hammond appeared on behalf of Defendants Kelly Harrington, Chris Chrones, Mike Knowles and S. Fraunheim.

## BACKGROUND

Plaintiff Oscar Cruz, a prisoner proceeding pro se and in forma pauperis, filed the instant prisoner civil rights action on February 19, 2008. He alleged violations of the Eighth Amendment and his equal protection and due process rights under the Fourteenth Amendment based on a lockdown at Kern Valley State Prison ("KVSP"). He named Wardens Mike Knowles and Chris Chrones, as well as S. Fraunheim, Facility D Captain, as Defendants.

Mr. Cruz's mother, Maria del Rosario Corona, was substituted in as Plaintiff in June 2009 after Mr. Cruz died while in custody.

Plaintiff filed amended complaint on November 9, 2009, adding Andres Santana, Mr. Cruz's former cell mate, as a Plaintiff.

Only the Eighth Amendment claim remains.

Pursuant to the March 14, 2012, stipulation to amend the Scheduling Conference Order, the non-expert discovery cut deadline is July 2, 2012. Expert discovery is due by August 15, 2012. Trial is currently set for February 26, 2013.

Also on March 14, 2012, the Court granted Plaintiffs' motion to compel in part, finding that evidence of lockdowns subsequent to November 2006 is relevant to the claim for injunctive relief. The Court explained:

> Therefore, as discussed at the hearing, Plaintiffs are entitled to discovery related to the current policy. Defendants agreed to allow Plaintiffs' counsel to view a redacted version of the current policy. Defendants must redact only the information directly related to security issues and must provide the basis for the redactions. If the redacted policy is not sufficient to allow Plaintiffs to test the policy, the Court will conduct a review of the redactions.

Plaintiffs filed this motion to compel on June 5, 2012, seeking to compel production of the unredacted versions of certain sections from the prior and current policies. Defendants opposed the motion on June 18, 2012.

**DISCOVERY AT ISSUE**

Pursuant to the Court's March 14, 2012, order, Defendants produced redacted versions of two CDCR policies- the policy in place during 2006 period, dated October 6, 2003 ("Exhibit A"), and the subsequent policy dated July 6, 2007 ("Exhibit B"). The redactions were accompanied by the Declaration of K. Harrington.

Plaintiffs request that the Court review the following redactions and order disclosure:

1. Section 55015.7 (Exhibit A): "Initial Incident Response"
2. Section 55015.14 (Exhibits A and B): "Return to Normal Program Activities"

According to Mr. Harrington's Declaration, section 55015.14 was redacted because portions contain details about the process and timing of release of affected inmates back to

normal programming. Mr. Harrington believes that "if inmates learned details concerning CDCR's processes and methods for determining when to safely end modified programming and lockdowns, they could modify their behavior in order to expedite the release process." He believes that such manipulation "could result in deaths or injuries to inmates and correctional staff." Declaration of K. Harrington, ¶ 7.

Mr. Harrington did not provide an explanation for the redaction of 55015.7 in Exhibit A.

## DISCUSSION

### A. Legal Standard

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter . . . . The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

### B. Analysis

Defendants oppose production of the unredacted versions of sections 55015.7 and 55015.14 for two reasons. First, Defendants argue that disclosure of the unredacted versions, which outline what prison officials look for by way of inmate behavior before releasing a lockdown or modified program, would "both endanger the safety of inmates and jeopardize the security of the institution." Opposition, at 6. However, while the Court appreciates Defendants' concern, there is no reason to believe that disclosure pursuant to the December 2011 Protective Order will not sufficiently protect the information.

Second, Defendants argue that the CDCR policies are not relevant because Plaintiffs' claims relate to KVSP's policies. This argument is without merit, as there can be little doubt that CDCR's policies influenced KVSP's supplemental policy.

Accordingly, the Court orders that the unredacted versions of Sections 55015.7 (Exhibit A) and 55015.14 (Exhibits A and B) be produced, subject to the December 7, 2011,

attorneys'/experts' eyes only Protective Order. Pursuant to the Protective Order, the unredacted documents shall only be used for purposes of this action.

**ORDER**

Based on the foregoing, Plaintiffs' motion is GRANTED. Defendants SHALL produce the unredacted documents prior to the June 21, 2012, deposition. If the documents are not received prior to the deposition, the Court will permit rescheduling.

IT IS SO ORDERED.

**Dated:** **June 19, 2012**

/s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE