1  BINGHAM MCCUTCHEN LLP
   WARREN E. GEORGE (SBN 53588)
2  warren.george@bingham.com
   MANU PRADHAN (SBN 253026)
3  manu.pradhan@bingham.com
   EDWARD A. ANDREWS (SBN 268479)
4  edward.andrews@bingham.com
   COURTNEY E. SMITH (SBN 273598)
5  courtney.smith@bingham.com
   Three Embarcadero Center
6  San Francisco, CA  94111-4067
   Telephone:   415.393.2000
7  Facsimile:   415.393.2286

8  Attorneys for Plaintiffs
   Maria del Rosario Corona and Andres Santana

9
10                     UNITED STATES DISTRICT COURT

11                     EASTERN DISTRICT OF CALIFORNIA

12                              FRESNO DIVISION

13

14  CORONA, et al.,                    Case No. 1:08-CV-00237-LJO-DLB

15          Plaintiffs,                **STIPULATION REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; <u>ORDER (Note Court uses own language)</u>**
        v.
16  KNOWLES, et al.,

17          Defendants.                TRIAL:   February 26, 2013
                                       TIME:    8:30 a.m.
18                                     COURTROOM:   4

19

20

21

22

23

24

25

26

**STIPULATION**

The parties request a three-week continuance of the hearing on Defendants' motion for summary judgment. The motion is set to be heard on July 27, 2012. Dkt. # 142. The parties propose a hearing date of August 17, 2012, with briefing dates based on that schedule. The deadline for hearing dispositive motions is not until November 5, 2012. Dkt. # 129.

Good cause supports the parties' request. Defendants have moved to dismiss all of Plaintiffs' claims, arguing that Defendants acted reasonably and pursuant to CDCR policies. *E.g.*, Dkt. # 142-1 at 6. The discovery cutoff had not yet elapsed when Defendants filed their motion, however, and Plaintiffs' deposition of a 30(b)(6) witness regarding those same policies is set to occur on July 2.[1] This Court has clearly recognized the relevance of the policies. *E.g.*, Dkt. # 149 at 3 ("Defendants argue that the CDCR policies are not relevant because Plaintiffs' claims relate to KVSP's policies. This argument is without merit, as there can be little doubt that CDCR's policies influenced KVSP's supplemental policy."). Thus, Plaintiffs believe that the evidence from the deposition is likely to play an important role in their opposition. The parties agree that a three-week extension should give Plaintiffs sufficient time to analyze the transcript, conduct any necessary follow-up, and prepare their opposition.

An extension is also warranted based on the schedule for expert disclosures. Disclosures will occur on July 17. Dkt. # 129. However, July 17 is just two business days after the current deadline for the opposition, and Plaintiffs' opposition will rely on expert declarations. Plaintiffs wish to manage the burden on their experts, and believe under the circumstances that it would be more appropriate to allow their experts to first prepare their disclosures, and then, turn to the specifics of Defendants' motion. Defendants agree that the requested extension strikes an appropriate balance.

---

[1] Two motions to compel had to be resolved before the deposition could occur. *See* Dkt. # 124 (ordering deposition), Dkt. # 149 (ordering production of documents to be used at deposition).

1  Finally, there is good cause because the requested extension is relatively short in duration.
2  All parties wish to efficiently resolve the matter, and previous extensions regarding this motion
3  have not been requested.  As noted, the deadline for hearing dispositive motions is not until
4  November 5, 2012.  Dkt. # 129.  Thus, the proposed schedule has no effect on any other Court-
5  ordered deadlines in this case.

6  Accordingly, the parties request that the Court order the following schedule, or such other
7  dates as are convenient for the Court:

| **Event** | **Current Schedule** | **Proposed Schedule** |
|---|---|---|
| Expert Disclosures | July 17, 2012 | July 17, 2012 |
| Plaintiffs' Opposition to Defendants' Motion For Summary Judgment | July 13, 2012 | August 3, 2012 |
| Reply In Support Of Defendants' Motion For Summary Judgment | July 20, 2012 | August 10, 2012 |
| Hearing re Defendants' Motion For Summary Judgment | July 27, 2012 (10:00 a.m) | August 17, 2012 (10:00 a.m) |

DATED:  June 26, 2012            BINGHAM McCUTCHEN LLP


By:_____/s/_____
Manu Pradhan
Attorney for Plaintiffs


DATED:  June 26, 2012            OFFICE OF THE ATTORNEY GENERAL


By:_____/s/_____
Kelli Hammond
Attorney for Defendants

STIPULATION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; ORDER
A/74995313.2/0999997-0000929376

# ORDER

Based on the parties' stipulation, this Court:

1. VACATES the July 27, 2012 hearing on defendants' summary judgment motion;
2. ORDERS plaintiffs, no later than August 3, 2012, to file and serve summary judgment opposition papers;
3. ORDERS defendants, no later than August 10, 2012, to file and serve summary judgment reply papers; and
4. LIMITS plaintiffs' opposition points and authorities to 25 pages and defendants' reply points and authorities to 10 pages.

Pursuant to its practice, this Court will consider defendants' summary judgment motion on the record without a hearing.

IT IS SO ORDERED.

Dated:  **June 27, 2012**              /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE