# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ANDRES SANTANA, | Case No. 1:08-cv-00237-LJO-SAB |
|---|---|
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART REQUEST TO FILE DOCUMENTS UNDER SEAL |
| v. | |
| MIKE KNOWLES, et al., | (ECF Nos. 228, 229) |
| Defendants. | |

On March 30, 2018, Defendants filed a motion for summary judgment. (ECF No. 227.) On April 9, 2018, Defendants filed a notice of request to seal documents and request to seal documents in support of their motion for summary judgment. (ECF Nos. 228, 229.) Defendant seeks to seal Exhibits F, G, and H contending that exhibits are deemed confidential by the California Department of Corrections and that they reveal the identity of inmates who provided confidential information to staff during investigations and disclosing such information would place the informants' lives in jeopardy. The Court has reviewed the exhibits and, for the reasons discussed below, grants in part the motion to seal.

Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n. 7 (1978)). Nevertheless, this access to judicial records is not absolute. Kamakana, 447

F.3d at 1172. The court has recognized a category of documents that is not subject to the right of public access because the documents have "traditionally been kept secret for important policy reasons." Times Mirror Co. v. United States, 873 F.2d 1210, 1219 (9th Cir. 1989). Since resolution of disputes on the merits "is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events[,] . . . " 'compelling reasons' must be shown to seal judicial records attached to a dispositive motion." Kamakana, 447 F.3d at 1179. However, where the request to seal addresses "private materials unearthed in discovery" a different standard applies. Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2009). Since the documents here are attached to a dispositive motion, the moving party must state compelling reasons to seal the documents.

Exhibit F is comprised of program status reports for the facility from the time that the institution was locked down following a staff assault until the facility returned to normal status. While the documents are marked confidential, this alone is insufficient to demonstrate compelling reasons to keep the documents from public view. Defendants contend that the documents identify confidential informants, however, the Court finds no such information in these documents. Generally, the documents discuss the description of the circumstances of the lockdown, and discuss the status of the facility on the dates in question. Defendants have not established that compelling reasons exist to file the program status reports under seal. The request to seal is denied for Exhibit F.

Exhibit G is comprised of memorandums issued following the lockdown. The subjects of these memorandum describe the interview and search plan, program procedures, and threat assessments during the lockdown period describing what occurred and the status of the facility. Contrary to Defendants' assertion, the documents do not contain information identifying any inmates. Defendants have not established the compelling reasons exist to file the memorandums under seal. The request to seal Exhibit G is denied.

Exhibit H is a debriefing report which details the investigation and contains information provided by confidential informants. The Court finds that disclosing the information provided in Exhibit H would cause a safety and security risk to the institution and to the individuals who

cooperated with the investigation. Compelling reasons exist to file Exhibit H under seal.

Accordingly, IT IS HEREBY ORDERED that Defendants' request to file documents under seal is GRANTED IN PART AND DENIED IN PART as follows:

1. Defendants' request to file Exhibits F and G under seal is DENIED. Defendants shall file the documents in the record;
2. Defendants' request to file Exhibit H under seal is GRANTED; and
3. Defendants shall provide the Clerk of the Court with an electronic copy of Exhibit H in compliance with Local Rule 141(e)(2)(i).

IT IS SO ORDERED.

Dated: **April 11, 2018**

UNITED STATES MAGISTRATE JUDGE