# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES SANTANA, | Case No. 1:08-cv-00237-LJO-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING THIS |
| v. | ACTION WITH PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO PROSECUTE |
| MIKE KNOWLES, et al., | |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

## I.

## BACKGROUND

This action was filed on February 19, 2008, by Plaintiff Oscar Cruz proceeding pro se. (ECF No. 1.)  After the death of Plaintiff Cruz, his success in interest obtained representation. (ECF Nos. 27, 33.)  On November 9, 2009, Plaintiffs Andres Santana and Maria del Rosario Corona filed a first amended complaint alleging that Defendants Chris Chrones, S. Frauenheim, Kelly Harrington, and Mike Knowles (collectively "Defendants") deprived Oscar Cruz and Andres Santana of adequate outdoor exercise.  (ECF No. 62.)

On December 9, 2009, Defendants filed a motion to dismiss.  (ECF No. 65.)  On January 20, 2010, the Court dismissed the plaintiffs' equal protection and procedural due process claims and denied dismissal of the plaintiffs' Eighth Amendment claim.  (ECF No. 73.)  On June 15, 2012, Defendants filed a motion for summary judgment as to the only remaining claim, the

Eighth Amendment claim. (ECF No. 142.) On September 14, 2012, the Court granted Defendants' motion for summary judgment. (ECF No. 188.)

On October 23, 2012, Plaintiff Andres Santana appealed the order granting summary judgment to the Ninth Circuit Court of Appeals. (ECF No. 190.) On April 19, 2017, the Ninth Circuit affirmed in part, reversed in part, and remanded the action. (ECF No. 212.) The mandate issued on May 11, 2017. (ECF No. 213.) Following the decision on appeal, this action is proceeding on Plaintiff Andres Santana's ("Plaintiff") equal protection claim against Defendants Chris Chrones, S. Frauenheim, Kelly Harrington, and Mike Knowles ("Defendants") for monetary damages.

On June 19, 2017, a discovery and scheduling order issued in this action. (ECF No. 223.) On March 30, 2018, Defendants filed a motion for summary judgment. (ECF No. 227.) On April 19, 2018, Defendants filed exhibits in support of the motion for summary judgment based upon the Court granting in part and denying in part a motion to seal. (ECF Nos. 230, 231, 332.) On April 25, 2018, the order granting in part and denying in part the motion to seal was returned as undeliverable by the United States Postal Service stating that Plaintiff had been paroled. On April 30, 2018, an order issued requiring Plaintiff to file an opposition to the motion for summary judgment. (ECF No. 233.) On March 9, 2018, the order requiring Plaintiff to file an opposition was returned as undeliverable by the United States Postal Service stating that Plaintiff had been paroled.[1]

## II.

## LEGAL STANDARD

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir.

---

[1] The Court has checked the California Department of Corrections and Rehabilitation inmate locator and there is no inmate with Plaintiff's inmate number, H-74648, and name currently in custody. https://www.cdcr.ca.gov/Visitors/Inmate_Locator.html (last visited June 28, 2018).

2

2000).

## III.

## DISCUSSION

**A.    Plaintiff's Failure to Comply with Court Orders and the Local Rules**

In this instance, the Court finds that dismissal of this action is warranted on two separate grounds.  First, Plaintiff was ordered to file an opposition to Defendants' motion for summary judgment within thirty days of the April 30, 2018 order.  More than thirty days have passed and Plaintiff has not filed an opposition or otherwise responded to the Court's order.  Although Plaintiff's mail has been returned as undeliverable, Rule 182(f) provides that

> Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party.  Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective.

Therefore, service of the order on the current address of record is fully effective and Plaintiff's failure to comply with the order is grounds for dismissal of this action.

Second, pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times.  Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty-three days have passed since Plaintiff's mail was first returned, and he has not notified the Court of a current address.  The Court is unable to contact Plaintiff and there are no other reasonable alternatives available to address Plaintiff's failure to comply with the Local Rule.  Therefore, this action should be dismissed for failure to prosecute.

**B.    The Factors Weigh in Favor of Dismissal**

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik

v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an opposition to Defendants' motion for summary judgment within thirty days of April 30, 2018. Plaintiff has neither filed an opposition nor otherwise responded to the Court's order.

Further, pursuant to the Local Rules Plaintiff was required to keep the Court updated with his most recent address. It has been more than sixty-three days since Plaintiff's mail was returned as undeliverable and he has not provided the Clerk with an updated address. Therefore, there is no current address at which to contact Plaintiff. Plaintiff's failure to comply with the orders of the Court and the Local Rules hinders the Court's ability to move this action towards disposition, and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). This risk of prejudice may be rebutted if Plaintiff offers an excuse for

the delay.  In re Eisen, 31 F.3d at 1453.  The Court also notes that his action was filed in 2008 and was remanded by the Ninth Circuit on April 19, 2017.  The prejudice to Defendants in this instance due to any further delay is significant given the age of this action.  Here, the delay is solely attributable to Plaintiff's failure to comply with the Local Rule requiring that he keep the Court updated with his current address and the failure to file a timely opposition to the motion for summary judgment.  The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue and the Local Rules.  This action cannot simply remain idle on the Court's docket, unprosecuted.  In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.  The Court's April 30, 2018 order requiring Plaintiff to file an opposition to the motion for summary judgment expressly stated: "Plaintiff is advised that failure to comply with this order will result in a recommendation that this action be dismissed for failure to prosecute."  (ECF No. 233 at 1:21-22.)  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

## IV.

## CONCLUSION AND RECOMMENDATION

In this instance, Local Rule 183(b) provides for the dismissal of an action based on returned mail.  Given the Court's inability to communicate with Plaintiff, dismissal is warranted and there are no other reasonable alternatives available.  See Carey, 856 F.2d at 1441.

Further, Plaintiff has failed to comply with the Court's order to file an opposition to Defendants' motion for summary judgment.  Local Rule 110 provides for sanctions for the failure to comply.

In considering the factors to determine if this action should be dismissed, Plaintiff's

failure to comply indicates that he does not intend to diligently litigate this action. Since the events at issue in this action occurred prior to 2008, Defendants will suffer significant prejudice due to further delay in this action.

Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITH PREJUDICE for Plaintiff's failure to comply with orders of the court and failure to prosecute.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, the parties may file written objections to this findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 29, 2018**

UNITED STATES MAGISTRATE JUDGE